**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Christopher (Crystal) Beaulieu

   v.                                        Case No. 19-cv-543-PB

Benjamin Carver, Nathaniel
Seabron, Christopher Berntsen[1]

**REPORT AND RECOMMENDATION**

    Before the court is the "Motion for Court Order" (Doc. No. 44), filed by Christopher (Crystal) Beaulieu, a transgender female inmate in the New Hampshire State Prison ("NHSP"). In that motion, Ms. Beaulieu seeks an injunction requiring the defendant corrections officers to provide her with a "loaner" tablet, which she would use for the duration of her incarceration. She asserts that her law library access has been limited as a result of COVID-19 restrictions, and that she needs a tablet for (unspecified) "extensive" legal work and to contact lawyers. Defendants have objected, stating that Ms. Beaulieu has ample, daily access to a loaner tablet with legal resource capability through a sign-out process. See Doc. No. 45.

**Discussion**

I.   Preliminary Injunction Standard

---

[1] Defendants other than those named in the caption have been dropped from this case.

"'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Glossip v. Gross, 135 S. Ct. 2726, 2736 (2015) (citation omitted).  The likelihood of success and irreparable harm are the factors that weigh most heavily in the analysis.  See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006); see also Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011).  The burden of proof is on the movant.  See Esso Std. Oil Co., 445 F.3d at 18.

II.  Irreparable Harm

Plaintiff must demonstrate that in the absence of court-ordered relief, she will suffer irreparable harm.  "A finding of irreparable harm must be grounded on something more than conjecture, surmise, or a party's unsubstantiated fears of what the future may have in store." Charlesbank Equity Fund II, Ltd. P'ship v. Blinds To Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004).

Defendants have filed the Declaration of James J. Brown, NHSP Corrections Lieutenant, who is assigned to Ms. Beaulieu's housing unit.  Lt. Brown describes the process through which an

inmate lacking a tablet may request access to a loaner tablet for up to 3½ hours per day, with an option to ask for extended use beyond that time limit, for specific reasons including legal work.  See Doc. No. 45-1.  Lt. Brown avers that a log maintained in the housing unit states that in the thirty days from April 14 through May 14, 2020, Ms. Beaulieu signed out a loaner tablet for twenty-one of those days, for periods of time totaling 88½ hours.  Id.  In addition, it is Lt. Brown's recollection that when Ms. Beaulieu requested extended tablet access time, she did not state an intent to use the tablet for legal work.  Id.

Ms. Beaulieu has not contested any of Lt. Brown's assertions.  Nothing before the court suggests that there is any substantial limit on Ms. Beaulieu's ability to have access to a tablet for legal work.  A court order is not necessary to grant Ms. Beaulieu access to legal resources.  Accordingly, the request for a mandatory injunction should be denied.

III. Likelihood of Success

Ms. Beaulieu bases her claim for injunctive relief on allegations suggesting that without a tablet, she lacks access to adequate legal resources.  This action does not present any underlying claim regarding COVID-19 restrictions on the law library or tablets.  Rather, the claims that have been allowed

to proceed in this case are Eighth Amendment failure-to-protect claims, arising from an incident of violence involving Ms. Beaulieu and another inmate.  Ms. Beaulieu has taken no steps to seek to supplement the complaint with any claim regarding law library restrictions.  Nor has she alleged any facts suggesting that the remaining defendants, all sued in their individual capacities, have taken any steps to limit her access to legal resources.  Absent grounds for joining new unrelated access-to-the-courts claims against new defendants at this time, plaintiff is unlikely to succeed on the merits of that claim here.

    Furthermore, the claim at issue is not viable.  There is no freestanding federal right to a tablet or any other legal resource tool.  See Lewis v. Casey, 518 U.S. 343, 351 (1996). To state an actionable access-to-the-courts claim upon which relief can be granted, the plaintiff must allege facts showing she was actually injured in her ability to pursue a nonfrivolous claim in a post-conviction proceeding or other civil rights matter that she had a right to litigate.  See id. at 351-53. "[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation."  Christopher v. Harbury, 536 U.S. 403, 415 (2002).  Ms. Beaulieu has not pleaded any facts suggesting that

she has suffered any actual injury in her ability to pursue any nonfrivolous claim. Accordingly, Ms. Beaulieu has failed to state a claim upon which relief can be granted, with respect to her access-to-the-courts claim. For that reason, the district judge should deny the request for a mandatory injunction.

## Conclusion

For the foregoing reasons, the district judge should deny Ms. Beaulieu's motion for a court order (Doc. No. 44). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

July 8, 2020

cc:  Christopher (Crystal) Beaulieu, pro se
     Lawrence M. Edelman, Esq.
     Anthony J. Galdieri, Esq.